**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **CHANNA LOGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 2:20-cv-00016-WKW-CWB** |
| | ) |
| **WINDCREEK MONTGOMERY** | ) |
| **CASINO,** | ) |
| | ) |
| **Defendant.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Channa Logan, who is proceeding *pro se*, filed this action on December 9, 2019 in the United States District Court for the Southern District of Alabama.  (Doc. 1).  Plaintiff simultaneously filed a motion to proceed *in forma pauperis*.  (Doc. 2).  The action thereafter was transferred to this district (Doc. 7) and referred to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate" (Doc. 8).  On January 30, 2020, the court granted Plaintiff *in forma pauperis* status and ordered the clerk to defer service of process pending preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e).  (Doc. 9).  Having now conducted such review, the undersigned concludes that dismissal is appropriate.

## I.    Introduction

Plaintiff is a citizen of Georgia and brings this action against a defendant identified as Windcreek Montgomery Casino, which is alleged to be a citizen of Alabama.  (Doc. 1 at ¶¶ 1-2). The claim for relief arises out of a December 9, 2017 incident wherein Plaintiff was denied access to a public restroom at a casino facility.  (*Id*. at ¶ 4).  More specifically, Plaintiff alleges that she was told that "she couldn't come in" because "the floor was wet."  (*Id*.).  Plaintiff further alleges that she expressed she "had to go bad" but that a casino employee "shewed [her] away."  (*Id*.).

1

Attached to the Complaint is an Incident Statement Form purportedly drafted by a casino employee.  (Doc. 1 at p. 4).  In pertinent part, the form states as follows:

> 12/20/2017.  Doing a follow up with guest; Channa Logan whom had an incident with a female housekeeper on 12/9/2017.  This housekeeper did not allow Ms. Logan to enter the restroom even after she explained to her how badly she needed to do so.  The housekeeper was very rude, and spoke in a disrespectful tune [sic] while speaking with Ms. Logan.
> $50 in Free Play and $25 food Credit has been flagged to her card.

(*Id.*).  Plaintiff asserts that the incident violated her "rights to use a public restroom" (*Id.* at ¶ 6), and she seeks $300,000 in monetary damages (*Id.* at p. 2).

## II.    Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to engage in a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e).  Under § 1915(e)(2)(B), the court is required to dismiss a complaint if determining that it is frivolous[1] or malicious, fails to state a claim upon which relief may be granted,[2] or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

[1]  A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

[2]  Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.  See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Moreover, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, they still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).

## III.    Discussion

Here, the Complaint fails to state a cognizable claim under either federal or state law that can survive § 1915(e) review. Plaintiff does not cite any statutory authority, nor does she identify any applicable common law duty. Plaintiff's grievance is simply that she was prevented from using a specific public restroom because, by her own admission, the floor was wet. Her allegations thus appear frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B)(i) and also fail to state a claim upon which relief may be granted for purposes of 28 U.S.C. § 1915(e)(2)(B)(ii). Put most simply, the Complaint as pled fails to articulate any viable cause of action that would permit this action to move forward.

## IV.    Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that the Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE.[3]

---

[3] "'A [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). "A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file. … But where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it

The parties may file written objections to this Recommendation by November 23, 2022. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 9th day of November 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

---

is tantamount to a dismissal with prejudice." *Stephenson v. Warden, Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citation omitted). "Dismissal with prejudice is proper, however, if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010). Because the core allegation in this case (*i.e.*, that Plaintiff was not allowed to use a restroom facility due to a wet floor) would be insufficient to state a claim under any legal theory, it is clear that affording her an opportunity to replead would be futile.